█ In the Matter of the Arbitration between M. W. KELLOGG COMPANY, Respondent, and MONSANTO CHEMICAL COMPANY, Appellant.— Order unanimously affirmed on the law and on the facts, with $20 costs and disbursements to the respondent (*Matter of Amerotron Corp.* [*Shapiro Woolen Co.*], 3 A D 2d 899, affd. 4 N Y 2d 722). *Matter of Wrap-Vertiser Corp.* [*Plotnick*] (3 N Y 2d 17, 18, 20) does not direct or impel a different conclusion. In that case the court held a demand for damages "arising from fraud and misrepresentation inducing claimant to enter into the contract" raised no question "concerning its interpretation or nonperformance" within the scope and meaning of the arbitration clause. The clause in that case was a restrictive clause and, as

745

indicated, the question of fraudulent inducement did not come within the purview of the interpretation or nonperformance of the agreement. The question of the validity of the contract itself was not in issue because the parties affirmed it as was done in this case. Moreover, in the case before us the clause which necessitates arbitration provides and includes "All claims, disputes, differences and controversies arising under or in connection with" the agreement. It is of such breadth as to compel a finding that the parties intended to arbitrate such dispute as has arisen — particularly so, when the representations complained of are set forth within the contract itself. Concur — Rabin, J. P., Valente, McNally and Stevens, JJ.; M. M. Frank, J., concurs in the following memorandum: I am constrained to affirm on the authority of *Matter of Amerotron Corp.* [*Shapiro Woolen Co.*] (3 A D 2d 899, affd. without opinion 4 N Y 2d 722).