In the Matter of the Petition of KINO-
SHITA & CO., Ltd. and Kinoshita &
Co., Ltd., USA as charterer and agent,
Petitioners-Appellees,

for an order directing

American Oceanic Corporation, as owner
or chartered owner of a vessel to be
named, Respondent-Appellant,

to proceed to arbitration in accordance
with the terms of its written
agreement.

No. 230, Docket 26608.

United States Court of Appeals
Second Circuit.

Argued Jan. 17, 1961.

Decided March 16, 1961.

**952**

Barry M. Caruth, New York City (Irving G. Purcell, New York City, on the brief), for respondent-appellant.

David I. Gilchrist, New York City (George Yamaoka and Hill, Betts, Yamaoka, Freehill & Longcope, New York City, on the brief), for petitioners-appellees.

Before MEDINA, FRIENDLY and SMITH, Circuit Judges.

MEDINA, Circuit Judge.

An agreement made in "New York, February 26, 1960" between "Kinoshita & Co., Ltd., Tokyo" and American Oceanic Corporation provided that American Oceanic would as charterer tender at a place and time specified in the contract a "vessel to be named" for charter to Kinoshita at $8 per ton for a voyage to Japan. The vessel was not tendered at the time and place specified in the agreement, although there was considerable correspondence between the parties relative to a possible extension of the time or the substitution of some alternative arrangement.

This maritime contract contained the following arbitration clause:

"If any dispute or difference should arise under this Charter, same to be referred to three parties in the City of New York, one to be appointed by each of the parties hereto, the third by the two so chosen, and their decision, or that of any two of them, shall be final and binding, and this agreement may, for enforcing the same, be made a rule of Court. Said three parties to be commercial men."

This proceeding to compel arbitration, based upon the United States Arbitration Act, 9 U.S.C. § 4, was commenced by the service of a notice of motion and supporting papers. American Oceanic made a cross-motion to dismiss the proceeding and for affirmative relief by way of an injunction. The motion to compel arbitration was granted, the cross-motion was denied, and American Oceanic appeals.

There is no merit in any of the arguments urged upon us for reversal. We shall discuss only one of them. It is argued that there was fraud in the inducement to enter into the contract because there was withheld from appellant the fact that Kinoshita & Co., Ltd. was a foreign corporation, not authorized to do business in New York and that there was some "concealment" and "misstatement," the character of which is not clear to us, relative to the difference between Kinoshita & Co., Ltd., the principal, and Kinoshita & Co., Ltd., U. S. A., the agent. Appellant seems to think there was some fraud, as it was induced to believe, so the argument runs, that if there was a breach of the contract by Kinoshita service of process could be effected on Kinoshita & Co., Ltd. in the State of New York in an action to recover damages for such a breach. We are told that there could be no compulsory arbitration until after the District Court had decided this so-called preliminary issue of fraud.

But the method of approach to the problem is set forth in Robert Lawrence Co. v. Devonshire Fabrics, Inc., 2 Cir., 1959, 271 F.2d 402, and this method has not been followed, so far as we can make out from the meager record before us. While the Supreme Court granted certiorari, 362 U.S. 909, 80 S.Ct. 682, 4 L. Ed.2d 618, the case was "settled with prejudice" and, as the case had become moot, the writ of certiorari was dismissed, 1960, 364 U.S. 801, 81 S.Ct. 27, 5 L.Ed.2d 37. Moreover, the principles of Robert Lawrence Co. v. Devonshire Fabrics, Inc. have been followed in later cases in this Court. See Metro Industrial Painting Corp. v. Terminal Construction Co., 2 Cir., 1961, 287 F.2d 382; Amicizia Societa Navegazione v. Chilean Nitrate and Iodine Sales Corp., 2 Cir., 1960, 274 F.2d 805, 808.

Accordingly, and following and further developing principles of federal law, as stated in Robert Lawrence Co. v. Devonshire Fabrics, Inc., and as applicable to maritime transactions and contracts involving commerce, we must first examine the record to ascertain whether there is any factual obstacle to considering the arbitration clause as separable,

and whether the arbitration clause is sufficiently broad to cover the dispute about the alleged fraud. No such factual obstacle is found in this case as is evidenced by the agreement itself. There would be such an obstacle if it was claimed by appellant that appellant's signature to the contract was a forgery, or that for any other valid reason there had at no time existed as between the parties any contractual relation whatever. In such an event a trial of this issue would be required before an order could be issued directing the parties to proceed to arbitration.

■ Is the arbitration clause sufficiently broad to encompass a dispute or controversy about an alleged fraudulent inducement of the contract? We think not.

Had the parties used the standard clause recommended by the American Arbitration Association and widely used, the arbitration agreement would clearly have been sufficiently broad to cover a dispute over fraudulent inducement, and that issue would have been one of the issues to be decided by the arbitrators as held in Robert Lawrence Co. v. Devonshire Fabrics, Inc., supra. This standard clause reads:

> "Any controversy or claim arising out of or relating to this contract, or the breach thereof, shall be settled by arbitration * * *."

Kellor, American Arbitration (1948), p. 231.

■ Recent decisions by the New York courts have held similar arbitration clauses sufficiently broad to include fraud in the inducement. In Amerotron Corp. v. Maxwell Shapiro Woolen Co., N.Y. App.Div., 1st Dept., 1957, 3 A.D.2d 899, 162 N.Y.S.2d 214, affirmed without opinion, 1958, 4 N.Y.2d 772, 171 N.Y.S.2d 111, 148 N.E.2d 319, the clause read any "controversy or claim arising under or in relation to this order or contract," and it was held the alleged fraud in the inducement was a question to be decided by the arbitrators. The same phraseology was held to include a claim for rescission based upon fraudulent inducement in Fabrex Corp. v. Winard Sales Co., Sup.Ct., N.Y.C'ty, 1960, 23 Misc.2d 26, 200 N.Y.S.2d 278. Arbitration of a claim of fraudulent inducement was also ordered in M. W. Kellogg Co. v. Monsanto Chemical Co., N.Y.App.Div., 1st Dept., 1959, 9 A.D.2d 744, 192 N.Y.S.2d 869, where the clause read "arising under or in connection with" the agreement. Thus views more favorable to arbitration appear to be making headway. But where the clause restricts arbitration to disputes and controversies relating to the interpretation of the contract and matters of performance, fraud in the inducement is not included. The agreement to arbitrate is limited to such matters as those just enumerated when it refers to disputes or controversies "under" or "arising out of" the contract.

■ Thus we must decide whether there is any substance to the charge of fraud. We find none, and thus arrive at the same conclusion as did the court below. The record before us presents no issue of fraud whatever. The contract provides for a voyage to Japan, appellee is described in the contract as "Kinoshita & Co., Ltd., Tokyo," and the lengthy correspondence between the parties both before and after the failure of appellant to produce the vessel on time demonstrates beyond cavil that the alleged fraud is a mere afterthought, wholly without substance, advanced for purposes of delay.

Affirmed.