**In the Matter of the Arbitration between METAL TRANSPORT CORPO-RATION, Petitioner,**

**and**

**COMPANIA NATIONAL NAVIERA, S. A., Respondent.**

**No. 65 AD 567.**

United States District Court
S. D. New York.

Aug. 12, 1965.

Bigham, Englar, Jones & Houston, New York City, for petitioner.

Zock, Petrie, Sheneman & Reid, New York City, for respondent, Compania National Naviera S.A., owners of SS Maria Lemos.

RYAN, District Judge.

Petitioner, METAL TRANSPORT, has moved for an order directing that arbitration proceed as provided for in Clause 43 of a charter party dated October 2, 1964 for the SS MARIA LEMOS for a voyage from ports in Brazil to South Japan (9 U.S.C. Sec. 4).

The charter party provides in part that:

"Any and all differences and disputes of whatsoever nature arising out of this charter will be put to arbitration, in New York, * * *."

The petitioner's claim of damage arising out of the respondent owner's alleged failure to tender the vessel pursuant to the charter party falls within the arbitration clause provided there was a valid, legal and enforceable agreement.

Respondent has submitted an unquestioned copy of the charter party, which is dated (and apparently concluded in) London, October 2, 1964. It provides for charter of the "SS MARIA LEMOS", Greek flag, "expected ready to load about 20th November 1964, the lay days not to commence before 18th November 1964", for voyage to Angra dos Reis (Brazil) and thence to South Japan. Attached to the charter party is a further memorandum, dated London, 2nd October 1964, providing in part:

"2. Owners guarantee that Master will sign Bills of Lading dated in November covering the entire cargo, irrespective of date of completion of loading.

"3. Master to sign Bills of Lading and Manifest Angra dos Reis/Haifa to be exchanged after sailing for fresh Bills of Lading and Manifest Angra dos Reis/Japan.

"All other terms, conditions and exceptions of the Charter Party remain unchanged."

In addition to the Charter party and addendum, there is affixed a letter, dated 2nd October 1964 written by Ore Chartering, Ltd., as Brokers for the Charterers "by telex authority" addressed to "The Owners, SS 'Maria Lemos'" reading

"In consideration of Owners agreeing to issue Bills of Lading and Manifest Angra dos Reis/Haifa to be subsequently exchanged for fresh Bills of Lading and Manifest Angra dos Reis/Japan, Charterers hereby undertake to indemnify Owners for any and all claims in respect of this cargo as a result of the above documentation."

The addendum and letter providing that the owner would guarantee that the Master would issue November bills of lading "irrespective of the date of completion of loading" and that both the bills of lading and the manifest would recite that the cargo was being carried from Angra dos Reis to Haifa rather

than Angra dos Reis to the vessel's true destination, Japan, constituted amendments to the charter party. Respondent contends that these supplemental provisions make the charter party and the arbitration agreement included therein illegal and that this question of legality should be determined by the Court rather than by arbitrators. Petitioner contends that the charter party is legal, and that this question of legality should be determined by arbitration.

■ The legality of the charter party is an issue determinable by the Court. In re Kinoshita & Co., 287 F.2d 951 (2d Cir., 1961), the Court of Appeals for this Circuit, in deciding whether a claim of fraud in the inducement of a contract was cognizable by arbitrators, pursuant to an arbitration clause contained within that contract, stated:

" * * * we must first examine the record to ascertain whether there is any factual obstacle to considering the arbitration clause as separable, and whether the arbitration clause is sufficiently broad to cover the dispute about the alleged fraud. No such factual obstacle is found in this case as is evidenced by the agreement itself. There would be such an obstacle if it was claimed by appellant that appellant's signature to the contract was a forgery, or that for any other valid reason there had at no time existed as between the parties any contractual relation whatever." pp. 952–953.

The arbitration clause in *Kinoshita* provided for arbitration:

"If any dispute or difference should arise under this Charter,".

The Court of Appeals held that this clause was not sufficiently broad to encompass a controversy about an alleged fraudulent inducement of the contract.

" * * * where the clause restricts arbitration to disputes and controversies relating to the interpretation of the contract and matters of performance, fraud in the inducement is not included. The agreement to arbitrate is limited to such matters as those just enumerated when it refers to disputes or controversies 'under' or 'arising out of' the contract."

■ In the instant action, we find that the arbitration clause can be separated from the rest of the contract because it can be argued that a contractual relationship existed between the parties. We also find, however, that the arbitration clause is not broad enough to empower arbitrators to determine the validity of the contract for it provides for arbitration of differences and disputes "arising out of this Charter".

The issue allegedly arbitrable is whether the addendum agreement to issue bills of lading with a particular date and destination vitiates the Charter Party. While the Charter Party makes no direct reference to the addendum or to the letter of indemnity, they were an integral part of it and were intended to change the printed terms, conditions and exceptions.

■ There is no question that these Bill of Lading provisions were illegal under the laws of England, where the charter was executed, Brown, Jenkinson & Co., Ltd. v. Percy Dalton (London) Ltd., (C.A.1957) 1957 Lloyds List Law Reports, Vol. 2, p. 1; and under the laws of the United States where enforcement is sought, 49 U.S.C.A. 121 & The Capitaine Faure, 10 F.2d 950, 958 (2nd Cir., 1926). There is no claim that the laws of Brazil or of Japan are to the contrary. It is immaterial that "there was no attempt to force the carrier to issue November bills of lading", or that the petitioner never considered the guaranty "an important feature once the cancelling date was passed."

■ This Court can not lend its aid to enforce an illegal agreement. The owner and charterer willingly entered into this illegal Bill of Lading addendum. Neither of them has the right to call upon this Court for assistance in unscrambling their respective claims arising out of this illegal venture.

Motion denied; petition dismissed with costs.

So ordered.