**PRIMA PAINT CORPORATION,**
Plaintiff,

v.

**FLOOD & CONKLIN MFG. CO.,**
Defendant.

**No. 65–Civ. 3416.**

United States District Court
S. D. New York.

Feb. 10, 1966.

Robert P. Herzog, New York City, for plaintiff.

Wachtel & Michaelson, New York City, for defendant.

CROAKE, District Judge.

## MEMORANDUM

These are motions: (a) by the plaintiff, pursuant to Rule 65, Fed.R.Civ.P., to stay arbitration, and (b) by the defendant, pursuant to Rule 7(b), Fed.R. Civ.P., and 9 U.S.C.A. § 1 et seq., to stay this action pending arbitration. Both motions will be decided in the instant opinion.

This action arises out of a Consulting Agreement entered into on October 7, 1964 whereby the defendant agreed to serve the plaintiff "in an advisory and consultative capacity," not to compete with Prima, and to turn over to the plaintiff certain customer lists. Prima agreed to make payments to Flood & Conklin, commencing September 1, 1965, based upon sales to former customers of the defendant.

Paragraph 8 of the Consulting Agreement states:

"8. *Arbitration.* Any controversy or claim arising out of or relating to this Agreement, or the breach thereof, shall be settled by arbitration in the City of New York, in accordance with the rules then obtaining of the American Arbitration Association, by three arbitrators, one of whom shall be an attorney-at-law and one of whom shall be a certified public accountant, and judgment upon the award rendered may be entered in any Court having jurisdiction thereof. The costs of arbitration shall be shared equally by Prima and F&C."

On or about October 14, 1964, the defendant filed a voluntary petition under Chapter XI of the Bankruptcy Act. An Amended Plan of Arrangement was confirmed and the debtor was revested with its assets on March 16, 1965.

In a letter to the attorneys for the defendant dated September 17, 1965, the plaintiff alleged certain "breaches" of the agreement by F&C. On October 25, 1965 the defendant served a Notice of Intention to Arbitrate on the plaintiff; and, on November 12, 1965, three days before the expiration of the plaintiff's time to appear, answer or otherwise move with regard to the demand for arbitration, Prima instituted this action seeking to rescind the Consulting Agreement on the grounds of fraud in the inducement.

In an affidavit dated November 20, 1965, one Albert A. Shuger, the President of the plaintiff, alleges that "the parties hereto had originally agreed to execute the agreement on October 21, 1964. However, upon the urging and pleas of Jerome K. Jellin, principal of the defendant corporation, because of the need of the proceeds of the sale for another business investment, the date was accelerated and the agreement executed earlier and on October 7, 1964 * * *. If the true facts had been known to the plaintiff, i. e., the defendant intended to file bankruptcy proceeding and immediately avail itself of the insolvency act, no agreement would have been entered into between the parties because such action would have and did damage, frustrate, impede and breach the agreement of the parties and was contrary to the very intention of the parties to the agreement * * *." No fraud is specifically alleged with regard to the arbitration provision.

The court has read the extensive memoranda of law submitted and, after careful consideration, is of the opinion that this action should be stayed pending arbitration. The plaintiff urges several lines of argument but they are of no avail. The arbitration clause herein is broad and is almost identical to the one recommended by the American Arbitration Association. See In Re Kinoshita & Co., 287 F.2d 951, 953 (2d Cir. 1961). In that case, it was stated in dictum that such a clause "would clearly

have been sufficiently broad to cover a dispute over fraudulent inducement * * *." 287 F.2d at p. 953.

In the leading case of Robert Lawrence Company v. Devonshire Fabrics, Inc., 271 F.2d 402 (2d Cir. 1959), cert. granted, 362 U.S. 909, 80 S.Ct. 682, 4 L.Ed.2d 618 (1960), dismissed pursuant to Rule 60, 364 U.S. 801, 81 S.Ct. 27, 5 L.Ed.2d 37 (1960), the court held, in dealing with an arbitration clause similar to the one at bar, that: "We think that the charge of fraud in the inducement comes squarely within the phraseology of this particular agreement and that nothing short of a renascence of the old judicial hostility to arbitration could evolve a contrary ruling." 271 F.2d at p. 412. See also p. 410 where Judge Medina, writing for the court, added that:

> "Finally, any doubts as to the construction of the Act ought to be resolved in line with its liberal policy of promoting arbitration both to accord with the original intention of the parties and to help ease the current congestion of court calendars. Such policy has been consistently reiterated by the federal courts and we think it deserves to be heartily endorsed. * * * Once it is settled that arbitration agreements are 'valid, irrevocable, and enforceable' we know of no principle of law that stands as an obstacle to a determination by the parties to the effect that arbitration should not be denied or postponed upon the mere cry of fraud in the inducement, as this would permit the frustration of the very purposes sought to be achieved by the agreement to arbitrate, i. e., a speedy and relatively inexpensive trial before commercial specialists."

Accordingly, the motion of the plaintiff to stay arbitration is denied and the motion of the defendant to stay this action pending arbitration is granted.

Settle order.