Lance Gotthoffer, Thomas M. Gandolfo, New York City, for Plaintiff.

Thomas P. Parry, Donovan Parry McDermott & Radzik, New York City, for Defendants.

---

**AGR FINANCIAL, L.L.C., Plaintiff,**

v.

**READY STAFFING, INC. and Ready Holding Corp. now known as Ready Staffing Services, Inc., Defendants.**

**No. 00 Civ. 2399(SAS).**

United States District Court, S.D. New York.

May 31, 2000.

*MEMORANDUM OPINION AND ORDER*

SCHEINDLIN, District Judge.

On February 25, 2000, plaintiff AGR Financial, L.L.C. ("AGR") commenced an action against defendants Ready Staffing, Inc. and Ready Staffing Services, Inc. (collectively "Ready Staffing") in the Supreme Court of the State of New York, New York County ("New York State Supreme Court"). Defendants filed a Notice of Removal on March 29, 2000, thereby removing the case to this Court. AGR now seeks an Order pursuant to 28 U.S.C. § 1447(c) remanding the case back to New York State Supreme Court and directing defendants to pay plaintiff's costs and ex-

penses, including attorneys' fees, incurred by reason of the removal. For the following reasons, the case is remanded back to New York State Supreme Court.

## I. Facts

Plaintiff's Summons with Notice contains the following three causes of action: (1) to recover amounts due and owing pursuant to an agreement dated December 1, 1997; (2) to recover for unjust enrichment and reformation of an agreement dated November 13, 1998; and (3) for breach of a guarantee dated December 1, 1997. *See* Affidavit of Thomas M. Gandolfo, plaintiff's attorney, dated April 25, 2000 ("Gandolfo Aff.") Ex. 1. The agreement on which the first cause of action is based is a December 1, 1997 Sale and Purchase Agreement between AGR and Ready Acquisition Corp. (the "December 1, 1997 Agreement").[1] Gandolfo Aff. ¶ 6. The December 1, 1997 Agreement contains a forum selection clause which provides as follows:

The Seller [Ready Acquisition Corp.] hereby agrees that ANY LEGAL ACTION OR PROCEEDING AGAINST THE SELLER WITH RESPECT TO THIS AGREEMENT OR ANY PURCHASE DOCUMENT MAY BE BROUGHT IN THE COURTS OF THE STATE OF NEW YORK IN THE CITY OF NEW YORK OR OF THE UNITED STATES OF AMERICA FOR THE SOUTHERN DISTRICT OF NEW YORK, *as AGR may elect,* and, by execution and delivery hereof, the Seller accepts and consents to, for itself and in respect of its property, generally and unconditionally, the jurisdiction of the aforesaid courts and agrees that such jurisdiction shall be exclusive, unless waived by AGR in writing.

Gandolfo Aff. Ex. 3 ¶ 15 (emphasis added).[2]

The agreement referred to in plaintiff's second cause of action is a November 13, 1998 letter agreement AGR sent to Star Bank and Ready Staffing, Inc. detailing the terms of a financing arrangement among AGR, Ready Staffing and Star Bank (the "November 13, 1998 Agreement"). Parry Aff. Ex. 3. The November 13, 1998 Agreement, which does not contain a forum selection clause, provides that:

In consideration of the payment in full of the Obligations as set forth above, and the agreement of Star Bank herein, Factor [AGR] hereby:

(a) agrees that (i) *upon receipt by Factor of the Payoff Amount, the AGR Documents are terminated* and (ii) Borrowers [Ready Staffing] shall have no further Obligations to Factor; except under Sections 13(b) and 6(d) of the Sale Agreements and the future contingent indemnification obligations of Borrowers expressly set forth herein which expressly survive termination of the AGR Documents (the "Contingent Obligations"); . . . .

Parry Aff. Ex. 3 at 2 (emphasis added).

## II. Discussion

### A. Legal Standard

"Although courts once frowned upon enforcement of forum-selection clauses, it is now settled law that parties may bargain in advance to select the forum in which their disputes will be adjudicated." *Design Strategy Corp. v. Nghiem,* 14 F.Supp.2d 298, 300 (S.D.N.Y.1998) (citing *M/S Bremen v. Zapata Off–Shore Co.,* 407 U.S. 1, 13, 92 S.Ct. 1907, 32 L.Ed.2d 513 (1972) and *Carnival Cruise Lines, Inc. v. Shute,* 499 U.S. 585, 590–96, 111 S.Ct. 1522, 113 L.Ed.2d 622 (1991)). Any remaining hostility toward forum-selection

---

**1.** Ready Acquisition Corp. has since merged into Ready Staffing, Inc., its successor-in-interest.

**2.** Ready Staffing Services, Inc., the sole shareholder of Ready Staffing, Inc., did not sign the December 1, 1997 Agreement but is apparently being sued as a guarantor of Ready Staffing Inc.'s obligations. *See* Affidavit of Thomas P. Parry, defendants' attorney, dated May 8, 2000 ("Parry Aff.") ¶ 8.

clauses is "simply a vestigial remainder of an outmoded doctrine." *Bense v. Interstate Battery Sys. of Am., Inc.*, 683 F.2d 718, 721 (2d Cir.1982). As stated by the Supreme Court, forum selection clauses "are prima facie valid and should be enforced unless enforcement is shown by the resisting party to be 'unreasonable' under the circumstances." *M/S Bremen*, 407 U.S. at 10, 92 S.Ct. 1907. Thus, "[f]orum selection clauses are presumptively enforceable," *J.B. Harris, Inc. v. Razei Bar Indus., Ltd.*, 37 F.Supp.2d 186, 189 (E.D.N.Y.1998), *aff'd*, 181 F.3d 82 (2d Cir. 1999), "unless it clearly can be shown that enforcement would be unreasonable and unjust, or that the clause was invalid for such reasons as fraud or overreaching." *Karl Koch Erecting Co., Inc. v. New York Convention Ctr. Dev. Corp.*, 838 F.2d 656, 659 (2d Cir.1988) (internal quotation marks and citations omitted).

Here, defendants do not contend that the forum selection clause in issue should not be enforced because it was procured by fraud or that its enforcement would be unreasonable or unjust. Rather, defendants argue that the forum selection clause should not be enforced for two reasons: (1) because it was terminated by the November 13, 1998 Agreement; and/or (2) because it is not exclusive on its face. Neither of these arguments has any merit.

**B. Termination of December 1, 1997 Agreement**

■ In support of their first argument, defendants point to the November 13, 1998 Agreement, which provides that upon payment of the Payoff Amount, the AGR Documents are to be terminated. Defendants have not, however, proffered any evidence that the Payoff Amount was in fact paid. The fact that plaintiff is suing based, in part, on the December 1, 1997 Agreement certainly demonstrates that plaintiff does not agree that the Payoff Amount was made by defendants and received by plaintiff. Because there is a dispute as to whether the Payoff was made, I must pre-

sume, for purposes of this motion, that the December 1, 1997 Agreement and its forum selection clause have survived. *See J.B. Harris, Inc.*, 37 F.Supp.2d at 189. Because defendants, the parties resisting remand, have failed to show that enforcement of the forum selection clause would be unreasonable under these circumstances, the clause must be enforced. *See M/S Bremen*, 407 U.S. at 10, 92 S.Ct. 1907.

Even if the Agreement was terminated, its forum selection clause would still be effective. In *Bense*, the relevant agreement had already been terminated when plaintiff sued defendant for alleged antitrust violations. *See* 683 F.2d at 719. Even though the complaint alleged antitrust violations, the Second Circuit enforced the forum selection clause requiring suit in Dallas County, Texas because the "gist" of plaintiff's claim involved defendant's allegedly wrongful termination of their agreement. *See id.* at 720, 721–22. In so doing, the court noted that the "forum-selection clause was part of the bargain into which [plaintiff] freely entered." *Id.* at 722.

A similar result occurred in *Young Women's Christian Association of United States, National Board v. HMC Entertainment, Inc.*, 91 Civ. 7943, 1992 WL 279361 (S.D.N.Y. Sept. 25, 1992). There, the parties entered into a contract whereby defendant agreed to develop and produce a television program for plaintiff. *See id.* at *1. The contract, which designated the Federal District Courts in California as the appropriate forum, expired by its own terms before the program went into production. *See id.* The plaintiff, who had entered into negotiations with another company ("dcp") to produce a similar television program, brought a declaratory judgment action seeking an order stating, in effect, that any television program subsequently produced with dcp would not violate any of defendant's rights. The court, citing *Bense*, held that

plaintiff's claims against defendant clearly arise under the contract. *Even*

*though the contract has expired,* plaintiff's claims for a declaratory judgment with respect to defendant's potential unfair competition, trademark infringement, misappropriation and implied contract claims involve rights arising out of the contract that defendant might assert against the plaintiff.... Any determination with respect to plaintiff's claims will require consideration of the contract and of the parties' respective rights pursuant to the contract. Therefore, it is clear that plaintiff's action arises pursuant to the contract.

*Id.* at *4 (emphasis added). Having found the action to arise under the contract, the court upheld the forum selection clause and transferred the case to the Central District of California. *See id.* at *5.

Here, it is undisputed that AGR's action arises, in large part, under the December 1, 1997 Agreement. Whether AGR is owed any monies pursuant to the terms of this Agreement, and if so how much, and whether the November 13, 1998 Agreement terminated the December 1, 1997 Agreement are the subjects of the instant dispute. As a result, the December 1, 1997 Agreement is in dispute and must be considered. Because most of AGR's claims arise out of the December 1, 1997 Agreement, the forum selection clause found in that Agreement must be enforced.

### C. Exclusivity of the Forum Selection Clause

Defendants also seek to avoid the forum selection clause on the ground that it is not mandatory and therefore not indicative of the parties' intent to make jurisdiction exclusive. In support of this argument, defendants cite *John Boutari and Son, Wines and Spirits, S.A. v. Attiki Importers and Distribs. Inc.,* 22 F.3d 51 (2d Cir.1994). In that case, the forum selection clause merely provided that "[a]ny dispute arising between the parties hereunder shall come within the jurisdiction of the competent Greek Courts." *Id.* at 52. The court declined to preclude the federal

district court from exercising jurisdiction, stating that:

> [t]he general rule in cases containing forum selection clauses is that "[w]hen only jurisdiction is specified the clause will generally not be enforced without some further language indicating the parties' intent to make jurisdiction exclusive."

*Id.* (quoting *Docksider, Ltd. v. Sea Technology, Ltd.,* 875 F.2d 762, 764 (9th Cir. 1989)). The court further stated that "choice of forum must be mandatory rather than permissive" and that the term "shall" mandates nothing more than that the Greek courts have jurisdiction. *See id.* at 53.

Defendants argue that the language in the instant forum selection clause is permissive for a number of reasons. *First,* the clause provides that "ANY LEGAL ACTION ... *MAY* BE BROUGHT IN" New York state or federal court. According to defendants, the term "may" is a permissive term and falls "far short of the mandatory term 'shall.'" *Second,* the clause goes on to provide that "the jurisdiction of the aforesaid *courts* ... shall be exclusive." Defendants contend that the use of the plural word "courts" does not make the jurisdiction of any one court exclusive thereby making the clause permissive and unenforceable. These arguments have no merit.

The use of the word "may" does not negate the mandatory nature of the forum selection clause. All it does is make clear that it is up to AGR whether it will enforce the clause by bringing suit in either the New York state or federal forum. AGR is not compelled to bring suit in either forum but once it chooses to do so, its decision is binding. Furthermore, the use of the word "courts" does not negate the exclusivity of jurisdiction in the chosen forum once AGR makes its election. It simply indicates that jurisdiction will lie only in the court that AGR selects. Therefore, the use of the plural word "courts" does not imply that the chosen jurisdiction is

not exclusive. This conclusion is supported by the language of the clause itself: "the Seller ... agrees that such jurisdiction shall be exclusive."

■ In short, the fact that enforcement of the clause by AGR is discretionary does not detract from its mandatory nature and, hence, its enforceability. As Judge Weinfeld aptly noted in *City of New York v. Pullman Inc.*, 477 F.Supp. 438 (S.D.N.Y. 1979), a case cited by defendants in their brief:

> [a]n agreement conferring jurisdiction in one forum will not be interpreted as excluding jurisdiction elsewhere unless it contains specific language of exclusion, *or it leaves it in the control of one party with power to force on its own terms the appropriate forum.*

477 F.Supp. at 442 n. 11 (emphasis added, citations omitted). Here, both circumstances exist—specific language of exclusivity and the power of one party, AGR, to force its choice of forum upon defendants.

## III. Conclusion

For the reasons stated above, the instant case is remanded to the New York State Supreme Court. I decline to order defendants to pay AGR's costs and expenses, including attorneys' fees, incurred as a result of this removal. The initial conference scheduled for May 30, 2000 is canceled and the Clerk of the Court is directed to close this case.

SO ORDERED.