SCHERING CORPORATION, Plaintiff,

v.

**FIRST DATABANK, INC., Defendant.**

Civil Action No. 06–5079 (PGS).

United States District Court,
D. New Jersey.

Jan. 24, 2007.

David S. Sager, Pitney Hardin, LLP, Morristown, NJ, for Plaintiff.

Michael Louis Berry, Levine Sullivan Koch & Schulz, Philadelphia, PA, for Defendant.

## OPINION & ORDER

HEDGES, United States Magistrate Judge.

### INTRODUCTION

This matter comes before me on the motion of defendant First Databank, Inc. ("FDB"), to dismiss for improper venue. Plaintiff Schering Corporation ("Scher- ing") opposes the motion. The motion was referred to me by Judge Sheridan. I have considered the papers submitted in support of and in opposition to the motion. There was no oral argument. Rule 78.

### BACKGROUND

FDB disseminates information about pharmaceutical products to pharmacists, physicians, pharmacy benefit managers, and others involved in the business of prescribing, dispensing and paying for prescription pharmaceutical products. FDB is incorporated in Missouri and has its principal place of business in San Bruno, California. Schering is a health care company that discovers, develops, manufactures and markets prescription pharmaceutical products. Schering is incorporated and has its principal place of business in New Jersey.

Schering alleges that FDB disseminated false information regarding its product, Proventil HFA. FDB allegedly represented in its database that Proventil HFA has two potential substitutes, which resulted in decreased Proventil HFA sales. Schering or a Schering entity and FDB executed a license agreement ("Agreement") in San Bruno, California that governs Schering's use of FDB databases. The Agreement contains the following forum selection clause:

This Agreement shall be governed by and construed in accordance with the laws of the United States and the State of California, as applied to Agreements entered into and to be performed entirely within California between California residents.... In the event of any dispute concerning this Agreement or the Licensed Products, suit may be brought only in a court of competent jurisdiction in the U.S. District Court of the Northern District of California or the Califor-

nia Superior Court for the Court for the County of San Mateo.

On October 23, 2006, Schering filed a Complaint, stating that FDB's dissemination of false and defamatory information has been intentional, malicious, and or actionably negligent. FDB raises the following Agreement provisions in defense to Schering's claims:

1. ¶ 8(b): FDB "does not warrant the accuracy of codes, prices or other data."

2. ¶ 8(d): FDB shall not "be liable to ... [Schering] for any consequential, indirect, incidental, reliance, or special damages, including but not limited to lost profits, even if [FDB] is advised of the possibility of such damages."

3. ¶ 8(a): "The Licensed Products are deemed proper and correct unless, within ten (10) working days after receipt thereof, [Schering] provides [FDB] with written notice and documentation of any error in the licensed Products."

4. ¶¶ 8(b), 9: FDB represents that it is not responsible for the choice of a health care professional to prescribe one medication over another.

### DISCUSSION

 FDB seeks to dismiss this action based on the forum selection clause. I will not address dismissal because the proper procedure for enforcing a forum selection clause is thought a motion to transfer venue pursuant to 28 U.S.C. § 1404(a) rather than dismiss. *Haskel v. FPR Registry, Inc.*, 862 F.Supp. 909, 913 (E.D.N.Y.1994). Section 1404(a) authorizes transfer to a district where the case could have been brought "for the convenience of parties and witnesses [and] in the interest of justice." The parties' execution of a forum selection clause is a "significant factor that figures centrally into the district court's calculus." *Stewart Org. v. Ricoh Corp.*,

487 U.S. 22, 29, 108 S.Ct. 2239, 101 L.Ed.2d 22 (1988). However, in deciding Section 1404(a) motions, the court must also evaluate several private and public interest factors. *Jumara v. State Farm Ins. Co.*, 55 F.3d 873, 877–78 (3d Cir.1995). The private interest factors include:

[1] plaintiff's forum preference as manifested in the original choice; [2] the defendant's preference; [3] whether the claim arose elsewhere; [4] the convenience of the parties as indicated by their relative physical and financial condition; [5] the convenience of the witnesses-but only to extent that the witnesses may actually be unavailable for trial in one of the fora; and [6] the location of books and records (similarly limited to the extent that the files could not be produced in the alternative forum). [55 F.3d at 879–80].

The public interest factors include:

[1] the enforceability of the judgment; [2] practical considerations that could make the trial easy, expeditious, or inexpensive; [3] the relative administrative difficulty in the two fora resulting from court congestion; [4] the local interests in deciding local controversies at home; [5] the public policies o f the fora; and [6] the familiarity of the trial judge with the applicable state law in diversity cases. [55 F.3d at 880].

### a. *Applicability of the Forum Selection Clause*

 Courts look to the language of the forum selection clause to determine its scope. "[W]hether or not a forum selection clause applies depends on what the specific clause at issue says." *Wyeth & Brother Ltd. v. CIGNA Int'l Corp.*, 119 F.3d 1070, 1075 (3d Cir.1997). A clause governing claims "related to" or "concerning" the parties' agreement applies to a broader range of claims than a clause gov-

erning claims "arising under" the agreement. 119 F.3d at 1075; *compare J.B. Harris, Inc. v. Razei Bar Industries, Inc.,* 37 F.Supp.2d 186, 191–92 (E.D.N.Y.1998) (holding clause that mandates arbitration of claims **"concerning** or deriving from the Agreement" was sufficiently broad to encompass claim that Agreement was fraudulently induced) *with In Re Kinoshita & Co.,* 287 F.2d 951, 952–53 (2d Cir. 1961) (holding that similar clause that only governs claims **"arising from"** the Agreement was not sufficiently broad to encompass a fraudulent inducement claim.)

In fact, the Third Circuit has held that broadly worded clauses that govern claims "related to" or "concerning" the parties' agreement apply to actions where the agreement is raised only as a defense. *Wyeth,* 119 F.3d at 1076 (holding a forum selection clause governing any dispute "arising ... in relation to" the parties' agreement "easily encompasses a dispute in which the ... [a]greement is raised as a defense").

■ Here, the forum selection clause provides: "In the event of any dispute **concerning this Agreement or the Licensed Products,** suit may be brought only in a court of competent jurisdiction in the U.S. District Court of the Northern District of California or the California Superior Court for the Court for the County of San Mateo." (emphasis added). Schering does not does not contest the validity or enforceability of the forum selection clause. Rather, it argues that the clause does not govern the claims at issue.

The forum selection clause is broadly worded. It utilizes "concerning," as opposed to "arising under" language. "Concerning" is defined as "relating to." BLACK'S LAW DICTIONARY 289 (6th ed.1990). The issue is whether this action relates to either the Agreement or the Licensed Products. I conclude that it relates to both.

This action relates to the Agreement because FDB's defenses are based on the Agreement. Schering alleges that FDB intentionally, maliciously or negligently disseminated defamatory statements about Proventil HFA by representing on its website that Proventil HFA has two potential substitutes. This allegedly caused a decrease in Proventil HFA sales and a loss of profit for Schering. FDB stated that it intends to rely on various provisions of the Agreement in its defense. These include disclaimers of liability for the accuracy of data posted on FDB's website, for the choices of health care professionals to prescribe one medication over another and for Schering's lost profits. FDB also pointed to a provision that places the burden on Schering to promptly notify FDB, in writing, of any error on the database.

Further, this action relates to the Licensed Product. Under the Agreement, "Licensed Product" is defined as the National Drug Data File database in which FDB publishes information about various pharmaceuticals, including Schering's Proventil HFA. Because the crux of the Complaint is that FDB used its database to disseminate misrepresentations about Proventil HFA, the contents of the database not only relate to, but are central to this action. Therefore, the forum selection clause governs this action.

### b. *Private Interest Factors*

■ Even though the forum selection clause governs this action, the private and public interest factors must still be considered. The private interest factors favor a transfer. With respect to the first factor, courts have given great deference to a plaintiff's choice of forum. *Lawrence v. Xerox Corp.,* 56 F.Supp.2d 442, 452 (D.N.J. 1999) (holding the plaintiff's choice of fo-

rum is presumptively correct). Schering chose to litigate in this Court. This factor weighs against a transfer.

Second, FDB prefers to litigate in either the Northern District of California or the California Superior Court for the County of San Mateo. Therefore, this factor favors a transfer.

Third, this claim arose is California. The Agreement was executed in California. Also, FDB's principal place of business is in California, so it is the place where the database is created and maintained. This factor favors a transfer.

Fourth, Schering is incorporated and has its principal place of business in New Jersey. It is more convenient for it to litigate in this Court. FDB has a principal place of business in California. It is more convenient for FDB to litigate in California. Neither party has alleged that it has inadequate resources to litigate in a distant forum. This factor does not influence the decision to transfer.

Fifth, there is no indication that any witness may be unavailable for trial. This factor does not influence the decision to transfer.

Sixth, there is no indication that the evidentiary records could not be produced in alternate form, such as electronically or by mail. This factor does not influence the decision to transfer.

### c. *Public interest factors*

The public interest factors are not relevant. There is no evidence that a judgment would be more enforceable in New Jersey, that a trial in New Jersey would be more efficient, that one forum is more congested than the other, or that New Jersey or California have any overriding local interests or public policies. The sixth factor is irrelevant because the applicable State law has not been determined.

In sum, the forum selection clause governs and the majority of relevant factors favor a transfer.

### CONCLUSION

For the reasons set forth above, this action is hereby transferred to the Northern District of California.

**SO ORDERED.**